George WIRTH, Jr., an infant under the age of 14 years, by his guardian ad litem, George Wirth, and George Wirth, Plaintiffs,

v.

UNITED STATES of America (POST OFFICE DEPARTMENT), Defendant.

No. C–13331.

United States District Court
E. D. New York.

June 28, 1957.

b.  Mr. King stated that "Modern Warehouse" space was then bringing 40¢ per square foot in that area (N. T. 336).

Freeman & Hyman, Jamaica, N. Y., for plaintiffs.

Leonard P. Moore, U. S. Atty., E. D. New York, Brooklyn, N. Y. (Alfred Sawan, Brooklyn, N. Y., of counsel).

REEVES, District Judge.

This is a proceeding under the Federal Tort Claims Act, 28 U.S.C.A. § 1346.

In the forenoon of January 2, 1953, the infant plaintiff, then nine years of age, was in the act of depositing a letter in a letter box, affixed to a wooden utility pole, and maintained by the Post Office Department near the intersection of Woodward Avenue and Linden Street, Ridgewood, Queens County, New York, when the box fell upon him, striking his left foot and breaking several bones.

Plaintiffs claim that the letter box was carelessly affixed and negligently maintained by the defendant.

The evidence was that the letter box was installed on a decaying wooden utility pole; that it was fastened to the pole by two screws and these had become loosened, as might be inferred from the unsteady condition of the box. There was some evidence that the letter box had previously fallen from the pole.

Although postmen had continually gathered the mail from the box and testified that its position had been inspected, and that it was secure, yet a very casual inspection would have disclosed its dangerous position and condition.

While the defendant charged contributory negligence on the part of the infant plaintiff, yet there was no evidence in support of this defense. The mail box fell because it had been carelessly installed and negligently maintained, and by reason of such carelessness and negligence, the infant plaintiff suffered serious though probably not permanent injuries.

The infant plaintiff's father was put to a heavy expense and loss for doctors, hospitals, X-rays, nursing and loss of services. He should have judgment for $1,500.

Though the infant plaintiff has apparently recovered from the accident, as the broken bones of his right foot were adjusted and have knitted or healed, yet, for his suffering and damage, as well as temporary disabilities, he should recover $2,500.

And it will be so ordered.

Findings of fact, and conclusions of law have been submitted, made, and filed.